**AFFIRMED as MODIFIED and Opinion Filed June 16, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-01201-CR

**GERRICK ANTHONY HAWTHORNE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F-1952867-Y**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Reichek

Gerrick Hawthorne appeals his conviction for aggravated assault with a deadly weapon. The incident giving rise to the charge involved appellant threatening the complainant with a knife while she was pregnant with their child. Appellant pleaded not guilty to the offense and not true to an alleged prior offense submitted by the State for punishment enhancement purposes. Following a jury trial on both guilt/innocence and punishment, the jury found appellant guilty of the offense as alleged in the indictment and found the enhancement allegation to be true. Punishment was assessed at ten years in prison.

On appeal, appellant's court-appointed appellate counsel has filed a brief in which she concludes there are no arguable points of error and the appeal is wholly frivolous and without merit. She has also filed an accompanying motion to withdraw as appointed counsel. When an appellate court receives an *Anders* brief asserting no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the record. *See Anders v. California*, 386 U.S. 738, 744 (1967) (emphasizing that the reviewing court, and not appointed counsel, determines, after full examination of proceedings, whether the case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (quoting *Anders*). If we conclude, after conducting an independent review, that "appellate counsel has exercised professional diligence in assaying the record for error" and agree the appeal is frivolous, we should grant counsel's motion to withdraw and affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008); *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006).

The brief before us meets the requirements of *Anders*. It presents a professional evaluation of the record showing why there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*). We advised appellant by letter of his right to file a pro se response and appellant responded by filing a pro se brief. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App.

–2–

2014) (appellant has right to file pro se response to Anders brief filed by counsel).

After reviewing appellant's brief and the record, we conclude the brief presents no arguable grounds to advance. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

Although not an arguable issue, we note that the trial court's judgment does not reflect (1) appellant's plea of "not true" to the enhancement allegation in the indictment, (2) the jury's finding of "true" to the enhancement allegation, or (3) the trial court's affirmative finding of family violence. This Court has the power to modify a judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.–Dallas 1991, pet. ref'd). Thus, on our own motion, we modify the trial court's judgment in the following manner: (1) in the space provided for "1st Enhancement Paragraph," we delete "N/A" and replace it with "Pleaded Not True;" (2) in the space provided for "Finding on 1st Enhancement Paragraph," we delete "N/A" and replace it with "True;" and (3) in the portion of the judgment for "special findings or orders," we add the language "THE COURT MAKES AN AFFIRMATIVE FINDING OF FAMILY VIOLENCE." We grant counsel's motion

to withdraw and, as modified, we affirm the trial court's judgment.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
191201F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GERRICK ANTHONY
HAWTHORNE, Appellant

No. 05-19-01201-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 7, Dallas County, Texas
Trial Court Cause No. F-1952867-Y.
Opinion delivered by Justice
Reichek. Justices Schenck and
Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

(1) in the space provided for "1st Enhancement Paragraph," the term
"N/A" is deleted and replaced with "Pleaded Not True;" (2) in the
space provided for "Finding on 1st Enhancement Paragraph," the term
"N/A" is deleted and replaced with "True;" and (3) in the portion of
the judgment for "special findings or orders," the language "THE
COURT MAKES AN AFFIRMATIVE FINDING OF FAMILY
VIOLENCE" is added.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 16, 2021